MESCH, CLARK & ROTHSCHILD, P.C.
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Email: sgan@mcrazlaw.com

By: Scott H. Gan, # 6568
    83136-5/meb

Attorneys for Randall P. Sanders, Receiver

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>-vs-<br><br>ANTHONY EUGENE LINTON dba THE PRIVATE TRADING POOL,<br><br>Defendant. | No. 4:11-CV-00021-FRZ<br><br>**RECEIVER'S FINAL REPORT AND MOTION FOR RELEASE OF RECEIVER** |

Randall P. Sanders, duly appointed Receiver, through counsel undersigned, files this Final Report by providing a summary of actions taken since his appointment by this Court on April 27, 2011, as follows:

   1.   I took control, custody and possession of all funds, premises, property, and other assets in possession of, or under the control of, Defendant, wherever situated, that I believed to be related to this action, and are consistent with the Order for Preliminary Injunction and other ancillary relief against Defendant Anthony Eugene Linton dba The Private Trading Pool. I took control of all tangible property of Defendant located at the Sierra Auctions storage facility in Tucson, AZ and in the possession or control of Mark A.

1  Klase, Amy L. Klase, and any attorney or other person or entity acting on behalf of Mark A.
2  Klase, Amy L. Klase.

3      2.    I inspected the former residence of the Defendant and took control of all
4  personal property located there. With the assistance of North American Van Lines I
5  removed and stored all items of personal property of consequential value for auction.

6      3.    I held, preserved and managed all receivership assets and I performed all acts
7  necessary to preserve the value of those assets, in order to prevent any loss or damage.

8      4.    I was advised by the Commodity Futures Trading Commission ("CFTC") that
9  no actions needed to be initiated, defended, compromised, adjusted, intervened in, nor did I
10 become a party to the any actions or proceedings in state, federal or foreign jurisdictions
11 necessary to preserve or increase the assets of Defendant or to carry out my duties pursuant
12 to this Court's Order.

13     5.    I employed, with this Court's approval, the following professionals,
14 independent contractors and technical specialists to assist me: (1) Mesch, Clark &
15 Rothschild, P.C. to represent me in all legal matters that the I deemed necessary and
16 appropriate; (2) Bob Gauna, a former FBI agent, to provide investigation, surveillance and
17 security of personal property under my control; and (3) Tim Veninga, a licensed gun broker,
18 to provide research regarding the fair market value of rare and collectible firearms in my
19 possession and to assist me in locating prospective purchasers for firearms and in
20 transferring ownership of the firearms to prospective purchasers; (4) Gunbroker.com, a
21 commercial website that lists firearms for sale both nationally and internationally; (5) North
22 American Van Lines for storing and removing personal property from the Lintons' former
23 residence; (6) T &T Auctions for advertising, cataloging and selling various items of
24 Lintons' personal property located a their former residence; and (7) Sierra Auctions for
25 storing and sale of three motor vehicles (one DeLorean and two Lotuses) and two
26 motorcycles (Motoguzzis) and other items of personal property of Defendant. On July 14,

2011, this Court entered an Order approving my employment of all of these professional, independent contractors and technical specialists.

6. I attached to my last Status Report a schedule of the firearms I controlled and sold with the assistance of Mr. Veninga, the licensed firearms dealer and through Gunbroker.com. (See Exhibit A, attached thereto).

7. I was advised by CFTC that no subpoenas needed to be issued in order to obtain discovery and records pertaining to this receivership.

8. I opened a bank account at Wells Fargo Bank for funds of the Defendant and made deposits of the Defendant into this account, as well as, made payments and disbursements from the receivership estates from this account pursuant to Orders of this Court.

9. I attached to my last Status Report a list of payments and disbursements from the receivership estate. (See Exhibit B, attached thereto). All payments and distributions were made pursuant to orders of this Court.

10. There were no commodity futures positions or other outstanding positions owned by the Defendant that needed to be closed out.

11. I currently control a Receivership Account at Wells Fargo Bank, N.A. in Tucson, Arizona containing a total of $148,588.26, representing the balance of funds resulting from the liquidation of all of Defendant's personal property I possessed or controlled during my Receivership in this matter (the "Receivership Proceeds") (See Exhibit C, attached to my last Status Report).

12. There are no further duties or responsibilities to be completed by me pursuant to this Court's Order appointing me the receiver in this matter, with the exception of the distribution of the Receivership proceeds to CFTC and/or NFA, the Court appointed monitor.

13. Upon the entry of this Court's order authorizing my disbursement of the Receivership Proceeds to CFTC and/or NFA, I will immediately disburse all funds to them, minus the amount of my remaining compensation, approximately $1,300.00, for pro rata distribution to investors. After disbursement of the Receivership Proceeds to CFTC and/or NFA, I do not have any remaining duties or responsibilities to be performed pursuant to the Order appointing me Receiver.

14. I respectfully request this Court enter an order: (1) approving this Final Report; (2) authorizing me to disburse the Receivership Proceeds, minus the remaining amount of my compensation $1,300 to CFTC and/or NFA; (3) releasing me, my counsel and all others I employed from any further responsibilities and duties under the terms of my appointment as Receiver; and (3) finding that all fees and disbursements made by me as Receiver, and previously approved by this Court, including my final fee application, as appropriately paid by me as the Receiver and are not subject to further review.

15. For such other and further relief and the Court deems appropriate.

DATED: November 1, 2012.

_____
Randall P. Sanders, Receiver

MESCH, CLARK & ROTHSCHILD, P.C.

By     s/Scott H. Gan
       Scott H. Gan
       Attorneys for Receiver
352559

MESCH, CLARK & ROTHSCHILD, P.C.
259 North Meyer Avenue
Tucson, Arizona 85701
Phone:  (520) 624-8886
Fax:    (520) 798-1037
Email: sgan@mcrazlaw.com

By:   Scott H. Gan, # 6568
      83136-5/meb

Attorneys for Randall P. Sanders, Receiver

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>-vs-<br><br>ANTHONY EUGENE LINTON dba THE PRIVATE TRADING POOL,<br><br>Defendant. | No. 4:11-CV-00021-FRZ<br><br>**ORDER APPROVING RECEIVER'S FINAL REPORT AND DISCHARGE OF RECEIVER** |
|---|---|

The Court appointed Receiver, Randall P. Sanders, having filed his Final Report and Motion for Release of Receiver; the Receiver having completed all applicable tasks pursuant to this Court's Order appointing him as set forth in his Final Report; the U.S. Commodities Trading Futures Commission ("CFTC") having filed a Motion to Approve Distribution of Receivership Funds, the Court being advised in the premises and good cause appearing:

**IT IS ORDERED** approving the Receiver's Final Report and granting the Motion for Release of the Receiver;

**IT IS FURTHER ORDERED** authorizing the Receiver to disburse the Receivership Proceeds, minus the remaining amount of his compensation, $1,300, to CFTC and/or National Futures Association ("NFA");

1    **IT IS FURTHER ORDERED** discharging and terminating the Receiver, his
2  counsel and all others he employed from any further responsibilities and duties under the
3  terms of the Order appointing the Receiver; and
4    **IT IS FURTHER ORDERED** that all fees and disbursements made by the
5  Receiver, and previously approved by this Court, including the Receiver's final fee request
6  for payment of $1300 were appropriately paid by him and are not subject to further review.
7   DATED: November ___, 2012.

358424